LUBIN & ENOCH, P.C.
Stanley Lubin (AZ State Bar No. 003076)
Nicholas J. Enoch (AZ State Bar No. 016473)
Jarrett J. Haskovec (AZ State Bar No. 023926)
Phoenix, Arizona 85003
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
E-mail: stan@lubinandenoch.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DOUGLAS FARIVAR, DAWN S. JOVAAG and RICHARD MELENDEZ<br><br>Plaintiffs,<br><br>v.<br><br>MARICOPA COUNTY, a body politic; JOSEPH ARPAIO, Sheriff of Maricopa County; MARICOPA COUNTY SHERIFF'S OFFICE, an agency of Maricopa County,<br><br>Defendants. | NO.<br><br>COMPLAINT |

Plaintiffs Douglas Farivar, Dawn S. Jovaag and Richard Melendez, for their complaint against Defendants Maricopa County, the Maricopa County Sheriff's Office and Joseph Arpaio, allege and aver as follows:

1.  Douglas Farivar, Dawn S. Jovaag and Richard Melendez were at all times relevant employed by Defendant Maricopa County ("the County") in Defendant Maricopa County Sheriff's Office ("MCSO") as hourly paid detention officers.

2. The County is a political subdivision of the State of Arizona and a public agency within the meaning of Section 3(x) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(x).

3. The MCSO is an agency of the County and a public agency within the meaning of Section 3(x) of the Fair Labor Standards Act, 29 U.S.C. § 203(x).

4. Defendant Joseph Arpaio ("Arpaio") is, and was at all times pertinent hereto, the elected Sheriff of Maricopa County and, in that capacity was employed as an officer and agent of the County, responsible for the direction, management and operations of the MCSO and was acting for and on behalf of the County.

5. The County and the MCSO were at all times pertinent hereto engaged in related activities performed through unified operation or common control for a common business purpose in conjunction with the activities of a public agency. The County and MCSO are "enterprises" within the meaning of Section 3® of the FLSA, 29 U.S.C. § 203®.

6. Defendants Maricopa County and MCSO have engaged in commerce or in the production of goods for commerce and had employees handling, or otherwise working on goods or material, such as motor vehicles, petroleum products, food and weapons that have moved or produced for commerce. Both are enterprises engaged in commerce or the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

7. Defendants required that each of the Plaintiffs attend and participate in briefing sessions at the beginning of each work shift.

8. Defendants have violated and are violating the provision of the FLSA pertaining to the compensation of "principal activity or activities" of the workday by failing to credit as hours worked the time spent by Plaintiffs for their attendance and participation in these required briefing sessions.

9. Defendants have failed to compensate Plaintiffs for the time spent attending and participating in the required briefing sessions.

10. Defendants have willfully violated, and are willfully violating, the overtime compensation requirements of the FLSA, 29 U.S. C. § 207, by employing the named Plaintiffs for work weeks longer than the applicable forty (40) hours established by Section 207 of the FLSA, without compensating them for their work in excess of the above-described hours at rates not less than one and one-half times their regular rates of pay.

WHEREFORE, Plaintiffs request the following relief against Defendants Maricopa County, MCSO and Joseph Arpaio:

    A. That Defendants be required to pay the named Plaintiffs unpaid overtime compensation found due by the Court as a result of Defendants' violations of Section 207 of the FLSA, plus an additional equal amount as liquidated damages;

    B. That Defendants be required to pay Plaintiffs' attorneys' fees and all costs incurred in this action, plus pre-judgment and post-judgment interest accrued on all sums owed; and

    C. Such other and further relief as the Court deems just and proper.

Dated this 3rd day of March, 2011.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury on all factual issues.

LUBIN & ENOCH, P.C.

*/s/*Stanley Lubin
Atttorneys for Plaintiffs